

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. AP-75,611

EX PARTE BRIAN KEITH KINNETT, Applicant

On Application for a Writ of Habeas Corpus
from Wichita County

*WOMACK, J., filed a concurring opinion.*

In *Seals v. State*, 187 S.W.3d 417, 422 (Tex. Cr. App. 2005), I wrote that the statutory

definition of "adulterants or dilutants" may be so inclusive as to invite constitutional problems:

> For example, it is no rarity for suspects to attempt to flush controlled substances down the toilet. For that reason, officers who are executing a search warrant frequently assign one person to secure the bathroom immediately. I would hate to see this Court forced to hold the statute unconstitutional when a prosecutor tried to include all the water in the toilet bowl as part of the controlled substance.

> This is not such a case. Although it involves the water in the toilet bowl, the State proved

that the purpose of putting the controlled substance in the toilet might well have been to preserve

it for further use rather than simply to destroy it, as Judge Holcomb's opinion (*post*) explains.

I also agree with the opinion of the Court that the statute is not unconstitutional on its face. The question of its constitutionality as applied may come before us yet, as I said in *Seals*.

Filed: February 13, 2008.
Do Not Publish.